[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, whose birth name was Christine Allen, and the plaintiff were intermarried at Deep River, Connecticut, on October 18, 1997. The plaintiff has been a resident of this jurisdiction for at least twelve months next proceeding the date of the filing of this complaint. The plaintiff and the defendant have no minor children issue of their marriage nor have any minor children been born to the defendant/wife since the date of the marriage. Neither the State of Connecticut nor any town thereof is contributing to the support or maintenance of either party hereto
This marriage of October 18, 1997 became the subject of the complainant in this action for dissolution of marriage which was dated June 24, 1998 and returnable to this court on July 14, 1998. From the appearance in court, the demeanor and the testimony of the parties, the court concludes that the marriage has broken down irretrievably and that each of the parties contributed to the downfall and irretrievable breakdown of this short, ill-fated marriage.
Based upon the relevant, credible and admissible evidence, the court makes the following findings of fact and conclusions of law and enters orders herein having due regard to the statutory scheme work as laid out in § 46b-81 and 82 of the Connecticut General Statutes.
The plaintiff is ordered to transfer to the defendant the schedule of property as shown in Schedule A of the financial affidavit with the exceptions of Item 16, 19 and 20 which he may retain.
The escrow holder, Attorney Douglas, is ordered to transmit to each of the parties one-half of the escrow funds that she holds in connection with the tax refund which the court understands to be in the total amount of $150.00. There being CT Page 2189 disputed evidence as to the locality of the wedding gifts, it is the court's conclusion that each party should share in the one-half of the value of those gifts. They were last seen in the possession of the plaintiff and accordingly, the plaintiff is ordered to pay to the defendant the sum of $420.00 representing one-half of the fair market value of those gifts.
The plaintiff is further ordered to execute whatever instruments are necessary to ensure that his dental insurance coverage will make payments directly to Dr. Reamer in whatever amounts are due under that policy of coverage having to do with her outstanding bill in approximate amount of $780.00.
The defendant is ordered to pay to the defendant the sum of $536.00 as reimbursement for a camcorder purchased as a present for her father in which she utilized the plaintiff's separate account with Sears. The court finds that this was done on her own undertaking with her mother and did not constitute a "family gift" to her father.
The plaintiff has made claim for reimbursement for a $5,000.00 loan that he took out to pay for a new truck for the defendant's son. With regard to much of the evidence offered, the court might find that there was responsibility on the part of the defendant to hold him harmless or to repay to him that loan, however, he executed a document, Exhibit F, purely voluntary in which he released her from any liability of any loan obligations. This was in exchange for her agreement not to seek from the court any part of his 401K. As between the parties this constitutes fair consideration for this undertaking, however slight the reality of her claim against his 401K might have been. Nothing that the court finds herein in any way disparages a cause of action he may have against her son to recover the purchase funds for the truck which the son now uses as his own. The court does not allow reimbursement for telephone bill expenses or other household expenses as these were joint undertakings of their family albeit for a short duration of time.
The defendant claims substantial reimbursement for things that she claimed that she lost, expenses incurred and other financial detriments that she suffered in connection with her separate ownership of her own home during the period of her marriage. The court considers that this was part and parcel of their family undertaking and finds no credible basis to allow her the relief requested therein. CT Page 2190
In as much as each contributed to the breakdown of the marriage, counsel fees are not awarded to either party.
A decree may enter dissolving the marriage along with the orders entered as herein above noted. Alimony is not awarded to either party.
It is so ordered.
HIGGINS, J.